NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL WEBSTER WRIGHT, AKA Abdul Hakim,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>D. FIELDS, Correctional Officer, CSP-Sacramento; C. DARLING, Correctional Officer, CSP-Sacramento,<br><br>                Defendants-Appellees. | No. 17-15851<br><br>D.C. No. 2:15-cv-02291-KJM-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

California state prisoner Daniel Webster Wright appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Wright failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

**AFFIRMED.**

17-15851